UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE J. GERRANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-1252 (UNA) |
| ) | |
| THE UNITED STATES ) | |
| DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Lawrence J. Gerrans' Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) and his *pro se* Petition for Relief Pursuant to 5 USC §§ 701-706 of the Administrative Procedures Act (ECF No. 1), construed as a civil complaint. The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint.

In great detail and at great length, Gerrans sets forth challenges to actions taken, or not taken, by every federal government agency and officer involved in the prosecution of the criminal case against him, with an eye toward "[d]ismiss[al of] the [i]ndictment and all [c]harges in Case #3:18-cr-00310EMC," Compl. ¶ 18, and his immediate release from custody, *see id.* ¶ 215, among other relief. It is apparent that Gerrans' complaint, in substance, mounts a collateral attack on his convictions and sentence. To the extent that a remedy is available to Gerrans, his claim must be addressed to the sentencing court by motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 in relevant part provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed

1

> in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). This is not the sentencing court, and Gerrans cannot circumvent § 2255 by raising claims under the Administrative Procedures Act ("APA"). *See United States v. Richardson*, No. 13-cv-0923, 2014 WL 1371546, at *4 (W.D. Pa. Apr. 8, 2014) (noting that Petitioner "cannot mislabel his way around the gatekeeping requirements of § 2255 by calling his motion a civil complaint under the APA when the arguments he advances and the relief he seeks are precisely the type for which § 2255 was created to be the exclusive remedy"). Further, only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review," 5 U.S.C. § 704, and Gerrans has available to him a habeas remedy under § 2255, *see Starks v. U.S. Sent'g Comm'n*, No. 21-cv-2422 (UNA), 2021 WL 4709720, at *2 (D.D.C. Sept. 27, 2021), *aff'd sub nom. Starks v. United States Sent'g Comm'n*, No. 21-5281, 2022 WL 2160910 (D.C. Cir. June 15, 2022) (per curiam); *Stone v. Dep't of Housing & Urban Dev.*, 859 F. Supp. 2d 59, 63 (D.D.C. 2012).[1]

    An Order is issued separately.

DATE: June 20, 2024                                          TIMOTHY J. KELLY
                                                                      United States District Judge

---

[1] Cursory review of the publicly available docket of Gerrans' criminal case revealed that, proceeding *pro se*, Gerrans already has sought post-conviction relief by motion under 28 U.S.C. § 2255. *See* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, *United States v. Gerrans*, No. 3:18-cr-0310 (N.D. Cal. Feb. 21, 2023) (ECF No. 435). The presiding judge since has appointed counsel to represent Gerrans, *see United States v. Gerrans*, No. 18-CR-00310-EMC-1, 2023 WL 3437292 (N.D. Cal. May 12, 2023) (Order granting Gerrans' Motion to Appoint Counsel, and counsel has filed an amended § 2255 motion on Gerrans' behalf, *see* Amended Motion to Vacate, Set Aside or Correct Conviction and Sentence Under 28 U.S.C. § 2255, *United States v. Gerrans*, No. 3:18-cr-0310 (N.D. Cal. Feb. 29, 2024) (ECF No. 476).